The Chief Justice delivered the opinion of the court.
The declaration in this action is in the usual form, on a bond from the defendant to the plaintiffs. The defendant prays oyer of the writ, and sets out at length a summons in a plea of debt at the suit of the plaintiffs, against him and John S. Wilson, then alleges that the declaration is against himself alone, and for the variance in this respect prays that the writ and declaration may be quashed. To this plea the plaintiffs have demurred; and the question presented to us is, whether the plaintiff, having sued , out his writ of summons against two or more defendants, may regularly declare against one and proceed to judgment against him only.
*357 It may, at the outset, be observes!, that this mode of proceeding *can find no support in our statute, Rev. Laws [*287 305, section 3, which enables a creditor to sue out process against joint debtors, and in case any of them be taken and brought into court, by virtue of such process, such of them so brought into court shall answer 'to the plaintiff, and if judgment pass for the plaintiff, he shall have judgment and execution against all the joint debtors, as if all had been taken and brought into court. A plaintiff proceeding under this section must in his declaration shew a joint cause of action. To such cause of action only, the mode of proceeding authorized by this statute extends. In the case before us, a separate cause of action against Arrowsmith is set out.
It is an ancient, reasonable and sound principle of the common law, that the declaration should» be conformable to the writ, aud in the language of Lord Ooke, must not be either “ narrower ” or “ broader.” Co. Lit. 303, a. At the earliest period of written pleadings of which we have clear and distinct traces, either in books of precedents or reports, the declaration when the action was commenced by original writ, contained a recital of it at. large. If, therefore, an objectionable variance existed between the writ and the declaration, it appeared on the face of the latter, and the defendant availed himself of it by demurrer, plea in abatement, motion in arrest of judgment, or upon writ of error. Com. Dig. tit. Pleader. C. 13, 2 Wils. 293. Such continued the form of pleading until, in the year 1654, a rule was made in the Court of Common Pleas, in order to dispense in most cases with the useless repetition of the writ, that the nature only of the action should be stated. After the adoption of this rule it was held that the only mode whereby the defendant could avail himself of a variance between the writ and count was by praying oyer of the writ, whereby the writ as well as the declaration would be placed on the record-Salk. 658, 701, 2 Wils. 85, 293. Oyer of the writ continued to be granted in the Court of King’s Bench, until the case *358 of Boate v. Edwards, in the year 1779, Doug. 227, when Lord Mansfield, delivering the opinion of that court, said, the practice was used for delay, and from thenceforth plaintiffs might proceed as though the demand of oyer had not been made. Since that time, oyer of the writ, for the purpose of setting aside the proceedings, has been uniformly refused in both courts; and in those cases where a defendant may avail himself of a variance between the writ and declaration, he is permitted to do so by motion to set aside the *288] proceedings *for irregularity. Gray v. Sidneff, C. P. 3 B. and P. 399; Spalding v. Mure, K. B. 6 D. and E. 363; 7 East 383; 1 Chit. Plead. 248; Chapman v. Eland, 2 New Rep. 82; Holland v. Johnson, 4 D. and E. 695.
In the Court of King’s Bench, in bailable actions commenced by bill of Middlesex or latitat, the most usual mode of instituting a personal action in that court, if the writ be against two or more defendants, the plaintiff must after-wards declare, not against one only, but against all, or the court will on motion set aside the proceedings, for irregularity. Holland v. Richards, 4 D. and E. 697, n.; Moss v. Birch, 5 D. and E. 722; 1 Archb. Pr. 60, 308. In actions not bailable, the names of four defendants may be inserted in one writ, and the plaintiff may afterwards, without irregularity, declare against all, or only one, or each separately, and for any cause of personal action. Foster v. Bonner, Cowp. 455; Roe v. Cock, 2 T. Rep. 257; Yardley v. Burgess, 4 D. and E. 697, n.
The principles, however, on which this practice depends, are peculiar to that court. By its original constitution it has jurisdiction, in civil cases, of actions of trespass only, by reason of the force or breach’ of the peace, whereby they are in fact or contemplation of law, accompanied. But it was held that when once a person was brought within the jurisdiction of the court, he was liable to be proceeded against there for any cause whatever of personal action. The plaintiff, therefore, in ancient times, actually exhibited, *359 and in more modern times was supposed to file, his bill, or plaint as it' was called, for an alleged trespass; upon which a precept issued against the defendant to answer in a plea of trespass; and upon this precept, the defendant being arrested and thus brought within the jurisdiction of the court, the plaintiff, after the return day, exhibited a bill, or in other words, declared, against the defendant, for a trespass, if he had sustained such injury, and if not, for any cause of personal action; and any other person might also exhibit his bill, or doclare against him for any tort or breach of contract. Hence, resulted the admissibility of including several defendants in one writ, the purpose beiug simply to bring them within the jurisdiction of the court. Hence, too, resulted the necessity of continuing the clause of trespass in the process, when the English statute required the cause of action to be inserted in the writ.
From the organization of this court, and from the rules of *proceduro by the statutes regulating our prac- [*289 tice, we can find in the practice of the English courts little for our guide in the matter before us, beyond the principle requiring conformity between the writ and declaration, and the mode whereby a party may avail himself of a departure from that principle. By ordinance in the first place, and afterwards by act of the legislature, the jurisdiction of this court is established. We need not, therefore, to confer authority, a writ emanating from the Court of Chancery, as in the English Common Pleas, nor the fictitious trespass of the King’s Bench, or quo minus of the Exchequer. In personal actions wo have no original writ, as technically called, supposed to be sued out; no plaint in trespass supposed to be filed; but the first process is roq uired to bo, where the plaintiff is not entitled to bail, a summons, and where he is so entitled, a capias ad respondendum. Rev. Laws 415, sect. 18. Neither the plaintiff nor any other person is permitted to declare by the bye against the defendant in any action, sect. 57; and if the defendant be in actual custody, the *360 plaintiff, if he have other cause of action, or any other person having cause of action, against the defendant, must issue process against him in the same manner as if he were at large and not in custody or prison. The principles, therefore, which warrant the course of proceeding adopted in the King’s Bench, in actions not bailable, have no place here.
From the view which has been taken of the practice 'in the court of King’s Bench, to which the proceedings of this court have most nearly approached, and to which we have been accustomed to resort for precedent, when regulations of our own were wanting, it appears that at and prior to the year 1776, oyer of the writ was constantly granted ; and I am not aware that in this court the practice has since been abrogated or denied, either by rule, by decision, or in consequence of legislative enactment. A defendant may therefore avail himself of a variance between the writ and declaration, either by oyer and plea, as has been done in the present case, or by a motion to set aside the proceedings for irregularity. The latter method, being more expeditious and less expensive, is certainly to be preferred, and will, it is presumed, be most usually adopted, inasmuch as by oyer and plea the defendant will necessarily increase his own costs, for which he can receive no return, as in case of abatement the defendant recovers no costs from the plaintiff.
*290] *Inasmuch then as the rule of the common law requires the declaration to conform .to the writ; as the declaration here is narrower than the writ; and as the defendant may legally avail himself of the variance in the mode he has adopted, we are of opinion judgment should be rendered for him.
The occasion affords us a fit opportunity to remark, although it may in some measure wear the semblance of an obiter dictum, that the allegation usual in the commencement of declarations, in ordinary cases, that the defendant is in custody, may be dispensed with properly and safely, *361 In most instances it is wholly untrue, as the defendant has been summoned only, and is neither in actual nor supposed custody; and in all cases it is entirely unnecessary. Tho allegation may well be consigned to the same neglect as John Doe and Richard Roe, who formerly appeared very regularly at the foot of our declarations as the sureties of the plaintiff’s prosecution, but who have for some time past silently withdrawn their useless services, and ceased to pledge their airy responsibility. Our writs too, should simply stale the real nature of the action the defendant is called to answer, without the useless addition, “ of a plea of trespass,” where no complaint of that nature is intended to be made.
Let the writ and declaration be quashed.